COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Elder and Fitzpatrick


WRANGLER, INC.

v.   Record No. 0895-97-4

COLLEEN D. GREENE KIRTLEY

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 2, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(J. David Griffin; Fowler, Griffin, Coyne &
Coyne, on briefs), for appellant.

(George Warren Shanks, on brief), for
appellee.


Wrangler, Inc. contends that the Workers' Compensation Commission (commission) erred in finding that (1) Colleen Greene Kirtley's (claimant) continuing left upper extremity problems are causally related to her compensable deQuervain's disease; and (2) claimant proved she is disabled from performing her pre-injury work as a result of symptoms related to her compensable deQuervain's disease. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

### Causation

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Questions raised by conflicting medical opinions must be decided by the commission." Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

In finding that claimant sustained her burden of proving a compensable change in condition, the commission found as follows:

> The claimant's credible testimony that she suffered continual problems after the deQuervain's release is corroborated by the medical histories recorded by Dr. [Charles S.] Miller, Dr. [Gary W.] Dotson, and Dr. [Irvin E.] Hess's office personnel when the claimant returned to Dr. Hess on September 22, 1995.
> We find that Dr. Hess's opinion regarding causation is not positive, as asserted by the employer, but rather, is shaded by doubt. In March 1996, Dr. Hess admitted that the claimant's symptoms date back to the time of her treatment for deQuervain's tenosynovitis. However, without further explanation, he summarily concluded that he could not "directly" relate the current problems to the deQuervain's disease. Dr. Miller, on the other hand, unequivocally relates the claimant's continuing symptoms to her work-related condition.

While we have stated that the opinion of the treating physician is entitled to great weight, Pilot Freight Carriers,

2

Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986), the law does not require that the treating physician's opinion be accepted over that of others. Moreover, "[m]edical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 214 (1991). Accordingly, in its role as fact finder, the commission was entitled to weigh the medical evidence, to accept Dr. Miller's opinion, and to reject Dr. Hess' opinion. Dr. Miller's opinion, coupled with claimant's testimony, constitutes credible evidence to support the commission's decision. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

### Disability

Employer contends that the commission erred in finding that claimant was not capable of returning to her pre-injury work due to symptoms related to her compensable deQuervain's disease, and in holding employer responsible for the cost of Dr. Miller's medical treatment. We disagree.

The commission was entitled to accept Dr. Miller's May 29, 1996 unequivocal opinion that claimant could not perform her pre-injury job, which entailed repetitive movements of her arms and hands, and to reject the contrary opinion of Dr. Hess. Dr.

3

Miller's opinion provides credible evidence to support the commission's finding that claimant was not capable of performing her pre-injury work. The commission's finding that claimant made good faith efforts to market her residual work capacity after August 12, 1996 is not challenged on appeal by employer. Accordingly, because credible evidence supports the commission's decision, it is binding and conclusive upon us. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In addition, we find no merit in employer's argument that it should not be held responsible for the cost of Dr. Miller's medical treatment. Credible evidence proved that Dr. Miller treated claimant for symptoms causally related to her compensable deQuervain's disease. Furthermore, Dr. Miller was claimant's original authorized treating physician before referring her to Dr. Hess.

Claimant's request for costs and attorney's fees is denied. For the reasons stated, we affirm the commission's decision.

Affirmed.